```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                          AT NASHVILLE

JEFFREY ANDERSON,               )
                                )
        Plaintiff                )
                                )       No. 3:16-2635
v.                              )       Chief Judge Sharp/Brown
                                )
PUNJAB, INC., et al.,           )
                                )
        Defendants               )
```

**TO: THE HONORABLE KEVIN H. SHARP**

## REPORT AND RECOMMENDATION

This matter was set for a case management conference on March 27, 2017 (Docket Entry 19). At the appointed hour Mr. Anderson did not appear and the Court has had no communication whatever with him. Counsel for the Defendants did appear and submitted a proposed initial case management order, which will be filed as **Exhibit 1** to this report and recommendation.

For the reasons stated below, the Magistrate Judge recommends that this case be dismissed without prejudice for failure to prosecute and to obey Court orders.

### BACKGROUND

The Plaintiff Jeffrey Anderson is a frequent plaintiff in cases alleging violations of the Americans With Disabilities Act and has normally been represented by an attorney. In this case his complaint against the Defendants was filed on October 7, 2016 (Docket Entry 1) by Plaintiff's attorney along with an application to proceed *in forma pauperis* (Docket Entry 2), which was approved

(Docket Entry 6). Service of process was obtained on all Defendants.

The initial case management conference was continued at the request of Plaintiff because it appeared that the parties were attempting to resolve the matter without further litigation (Docket Entry 14). Subsequently, Plaintiff's attorney requested permission to withdraw (Docket Entry 20) on the grounds that counsel and the Plaintiff had some irreconcilable differences over issues arising out of the management and direction of the litigation. This motion was granted on January 26, 2017 (Docket Entry 22).

In preparing for the case management conference I entered an order on March 21, 2017 (Docket Entry 28) noting that the Plaintiff was proceeding *pro se* and was not accepting mail from the Court. I noted that his former attorney had advised that in other cases (*Anderson v. Starbucks Corporation, et al.*, 3:16-CV-2720 and *Anderson v. NFB Partners, LP, et al.*, 3:15-CV-1466) that the Plaintiff had cut off contacts with him and that the Plaintiff had failed to attend the hearing in the 3:16-CV-2720 case. This order was sent to the Plaintiff by both regular and certified mail and the Plaintiff was specifically warned that failure to attend the case management conference without justification would result in a recommendation that his case be dismissed for failure to prosecute and obey Court orders. The Plaintiff was directed to contact counsel for the Defendants in order to prepare a proposed scheduling order and the Plaintiff was advised that if he was

having health problems he needed to let the Court know and to request an appropriate continuance.

In the proposed case management order attached to this report and recommend as **Exhibit 2**, counsel for the Defendants advised that they had a letter hand-delivered to the Plaintiff's address on March 21, 2017, requesting that he participate in the conference call on March 23, 2017. The individual delivering the letter notified counsel that when he knocked on the door the Plaintiff yelled out the window to see what he wanted and when he told him that he had a letter, Plaintiff told the courier to leave the letter on his porch. Apparently, nothing further was heard from Plaintiff and he did not contact the Court for a continuance or attend the hearing.

## LEGAL DISCUSSION

A court must be able to control its docket and the Court cannot proceed if the Plaintiff will not participate in the litigation process he initiated.

A dismissal with or without prejudice is a drastic remedy, and before the Court contemplates dismissing an action under Rule 41(b), the Court must specifically consider:

(1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault;

(2) whether the adversary was prejudiced by the dilatory conduct of the party;

(3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

(4) whether the less drastic sanctions were imposed or considered before dismissal was granted. *Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6th Cir. 1999).

In this case the Plaintiff has been specifically warned of the consequences of failure to attend the case management conference. From the report of defense counsel it is clear that he has refused notification and has declined to participate in any way in this case. The Defendants cannot begin their defense without the Plaintiff's participation. The Plaintiff has been told that if he is having health problems he needs to let the Court know and he has had no contact whatever with the Court about the matter.

Under these circumstances the Magistrate Judge believes that a dismissal under Rule 41(b) is appropriate. The Court must be able to control its docket and to move cases toward resolution. While the Magistrate Judge could recommend dismissal with prejudice, the Magistrate Judge will only recommend the less serious sanction of dismissal without prejudice.

**RECOMMENDATION**

For reasons stated above, the Magistrate Judge recommends the Plaintiff's case be dismissed without prejudice for failure to obey Court orders and to prosecute.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and

Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

    **ENTER** this 28th day of March, 2017.

/s/    Joe B. Brown  
JOE B. BROWN  
United States Magistrate Judge